UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DARLENE BOARDMAN,

    Plaintiff,

v.                                                          No. 5:19-CV-01399-JKP

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    Defendant.

## **ORDER**

Before the Court is *Plaintiff's Opposed Motion to Remand to State Court* (ECF No. 9) to which Defendant Allstate Fire and Casualty Insurance Company responded (ECF No. 11). Having reviewed the motion, the record herein, and the applicable law, the Court grants the motion.

Plaintiff Darlene Boardman ("Boardman") filed this lawsuit in state court on January 30, 2019, naming Allstate County Mutual Insurance Company as defendant. ECF No. 1-3. On November 13 and 14, 2019, respectively, Boardman submitted to state court an amended petition adding Allstate Fire and Casualty Insurance Company as defendant and a notice of partial nonsuit with respect to Allstate County Mutual Insurance Company. ECF Nos. 1-5; 1-6. Allstate Fire and Casualty Insurance Company ("Allstate") removed the action to this Court on December 2, 2019. On January 6, 2020, Boardman sought and subsequently was granted leave to file a Second Amended Complaint. ECF Nos. 6, 7, 8. After filing her Second Amended Complaint, Boardman filed the instant motion to remand. ECF No. 9. Boardman contends remand is required because she has clarified the measure of damages. *Id.* Specifically, the

uninsured/underinsured motorist coverage at issue "is for" $30,000. *Id.* ¶ 2. Consequently, Boardman argues, the value of her claim is less than $75,000. *Id. See also* ECF No. 8 ¶ 3. Allstate contends the monetary relief sought in Plaintiff's state court first amended petition controls. ECF No. 11 at ¶ 6.

In general, a defendant may remove a state civil action to federal court so long as the action falls within the original jurisdiction of the federal courts. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over all civil actions where there is diversity of citizenship between the parties and the sum or value of the case is above $75,000, exclusive of interest or costs. *See id.* § 1332(a). A party may move to remand a removed action to state court. *See id.* § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.*

Diversity of citizenship between the parties is not at issue here. Boardman and Allstate disagree only as to the amount in controversy. Normally, for purposes of removal, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Where a demand is "made in bad faith or when state practice does not permit demand for a specific sum of damages," the pleading does not control the amount in controversy. *Cavazos v. Allstate Vehicle & Prop. Ins. Co.*, 7:17-CV-368, 2017 U.S. Dist. LEXIS 224014, 2017 WL 11317904, at *2 (S.D. Tex. Dec. 12, 2017) (citing 28 U.S.C. § 1446(c)(2); *De*

*Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995)). *See also* 28 U.S.C. § 1446(c)(2)(A)(ii) (a defendant may assert the amount in controversy in a notice of removal if the initial pleading seeks money damages in a state that "does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded").

> Texas Rules of Civil Procedure require the following:
>
> An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim, shall contain:
> (a) a short statement of the cause of action sufficient to give fair notice of the claim involved;
> (b) a statement that the damages sought are within the jurisdictional limits of the court;
> (c) except in suits governed by the Family Code, a statement that the party seeks:
>    (1) only monetary relief of $ 100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
>    (2) monetary relief of $ 100,000 or less and non-monetary relief; or
>    (3) monetary relief over $ 100,000 but not more than $ 200,000; or
>    (4) monetary relief over $ 200,000 but not more than $ 1,000,000; or
>    (5) monetary relief over $ 1,000,000; and
> (d) a demand for judgment for all the other relief to which the party deems himself entitled.

Tex. R. Civ. P. 47(a-d). Rule 47 makes clear a pleading must state a range of monetary relief. Whether a Texas plaintiff may state a specific sum is, presently, not clear.[1]

---

[1] As a sister court explains:

> In March 2013, Rule 47 was amended to require plaintiffs to select from five enumerated ranges of damages. TEX. R. CIV. P. 47(c). . . . [T]he Rule's lowest damages range — for only monetary relief of $100,000 or less — "does not map precisely onto the $75,000 federal diversity threshold." *Solares v. Allstate Vehicle & Prop. Ins. Co.*, 19-CV-27, 2019 U.S. Dist. LEXIS 123703, 2019 WL 3253072, at *1 (S.D. Tex. June 11, 2019). . . . In *Mumfrey*, decided shortly after the 2013 amendment, the Fifth Circuit noted that neither party in that case had briefed whether the "amendment allows a plaintiff to plead a specific damages amount." 719 F.3d at 398 n.9. And, to date, the Circuit has not revisited that question. *See Rios v. Liberty Mut. Fire Ins. Co.*, DR-16-CV-0031-AM-VRG, 2017 U.S. Dist. LEXIS 155188, 2017 WL 3274456, at *3 (W.D. Tex. Jan. 18, 2017) (noting that neither the Texas Supreme Court nor the Fifth Circuit "has addressed whether the amendment of Rule 47 now permits a plaintiff to plead for a specific amount of damages in Texas state court"). District courts in this circuit, meanwhile, have divided on whether a complaint pled under the Texas Rules of Civil Procedure may now demand a specific amount in damages.

*Morales v. Allstate Tex. Lloyds*, No. 5:19-CV-56, 2019 U.S. Dist. LEXIS 166202, at *6-8 (S.D. Tex. Sep. 19, 2019).

Because Rule 47 provides a range of damages and Boardman alleged a range of damages, Allstate must prove by a preponderance of the evidence that the actual amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Valdez v. Allstate Tex. Lloyd's*, No. EP-16-CV-346-PRM, 2016 U.S. Dist. LEXIS 187082, at *12-13 (W.D. Tex. Nov. 7, 2016). *See also Wakefield v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:17-CV-307, 2017 U.S. Dist. LEXIS 162832, at *5 (E.D. Tex. Sep. 29, 2017) ("In situations such as this one, where the petition alleges only a range of damages . . . and not a specific amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00."). The removing party can meet its burden by (1) showing it is "facially apparent" that the plaintiff's claims are likely to exceed $75,000 or (2) setting forth "summary judgment-type evidence" that support a finding of the requisite amount. *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014).

Allstate argues it was facially apparent in Boardman's first amended petition—the operative pleading at the time of removal—that the amount in controversy exceeded $75,000 because the petition sought monetary relief between $200,000 and $1,000,000 for "contractual damages, penalty interest under Chapter 542 of the Texas Insurance Code, and attorney's fees pursuant to the Texas Civil Practices and Remedies Code." ECF No. 11 ¶ 6. Allstate concedes the amount pled controls if made in "good faith." *Id.* Given the $30,000 limit of the policy at issue and the nature of Boardman's claims, a demand for monetary relief between $200,000 and $1,000,000 could not have been made in "good faith." *See* ECF No. 9 at 1 (noting policy limit); Tex. R. Civ. P. 47; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Further, in light of the policy limit, damages of $75,000 are not "facially apparent" in Boardman's claims. Boardman's first amended petition alleges Allstate failed to pay the

4

uninsured motorist benefits due under her policy. ECF No. 1-5 at 3-4. Boardman's motion to remand acknowledges the $30,000 limit of the policy. ECF No. 9 at 1. Boardman seeks that amount, an award pursuant to the Texas Insurance Code prompt payment provision, and attorney fees. ECF No. 1-5 at 3-4. Allstate contends that Boardman's claims plus her request for "statutory attorney fees as damages" alleges a sum exceeding $75,000. ECF No. 11 ¶ 7. Given the policy limit, it does not appear that Boardman's claims will exceed $75,000 should Boardman receive an award of $30,000 and prevail on her Texas Insurance Code prompt payment claim and be awarded attorney fees and costs. *See* Tex. Ins. Code § 542.060 (a prevailing plaintiff may be awarded damages in the form of "interest on the amount of the claim at the rate of 18 percent a year" and attorney fees). Consequently, Allstate failed to meet its burden to show that the amount in controversy exceeds the threshold. The relevant facts and controlling law confirm that this Court does not have subject matter jurisdiction over this action because the amount in controversy is less than $75,000. Therefore, this case was improperly removed, and remand is warranted.

Accordingly, Plaintiff's Opposed Motion to Remand to State Court (ECF No. 9) is GRANTED and this case is REMANDED to the 150th Judicial District Court of Bexar County, Texas. The Clerk is DIRECTED to send a certified copy of this order to the clerk of the state court. Defendant's motion for reconsideration (ECF No. 10) is DENIED as moot. The Clerk is DIRECTED to CLOSE this case.

It is so ORDERED.

SIGNED this 29th day of January 2020.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE